**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5471

AARON THOMAS, a/k/a Kenny
Murphy,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-94-169)

Submitted: May 16, 1996

Decided: May 31, 1996

Before RUSSELL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assis-
tant Federal Public Defender, Charleston, West Virginia, for Appel-
lant. Rebecca A. Betts, United States Attorney, Miller A. Bushong III,
Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Using the alias Aaron Thomas, Kenny Murphy pled guilty to one count of possession of crack cocaine with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1995). He was sentenced to a term of 300 months. Murphy's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in her opinion, there are no meritorious issues for appeal. Murphy has been informed of his right to file a pro se supplemental brief, but has not filed one. We affirm.

Murphy was arrested at the Greyhound bus station in Charleston, West Virginia, after a confidential informant in Detroit, Michigan, informed drug task force agents that Murphy had left Detroit on the bus and was traveling to Charleston with 4.5 ounces of crack cocaine and a 9 mm handgun. The informant said a juvenile was traveling with Murphy and gave detailed descriptions of both men, their clothing, and a bag they were carrying, as well as Murphy's criminal history. When he was arrested, Murphy had 118 grams of crack hidden in his clothes. The juvenile was carrying a loaded 9 mm handgun which he said Murphy had given to him.

On the day of his sentencing, acting pro se, Murphy asked leave to withdraw his guilty plea, stating that he had entered the plea in hopes of being released on bond. The district court found that he had shown no fair and just reason for withdrawing the plea and denied the motion. The court then declined to depart downward under USSG § 4A1.3* as requested by defense counsel.

_____
*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

We find no merit in the issues raised by counsel in the <u>Anders</u> brief. It is well established that the district court's decision not to depart is not reviewable on appeal. <u>United States v. Bayerle</u>, 898 F.2d 28, 31 (4th Cir.), <u>cert. denied</u>, 498 U.S. 819 (1990). Nor did the court err in denying Murphy's motion to withdraw his guilty plea. The plea was entered after a thorough inquiry pursuant to Fed. R. Crim. P. 11, and none of the factors listed in <u>United States v. Moore</u>, 931 F.2d 245, 248 (4th Cir.), <u>cert. denied</u>, 502 U.S. 857 (1991), favored withdrawal.

Although counsel suggests that the Rule 11 inquiry was deficient, we find no reversible error. The court did not inform Murphy in so many words that he could persist in a plea of not guilty, but Murphy was informed of his right to a trial and all associated rights. Murphy was informed that he would be subject to supervised release but not informed that a violation of supervised release could result in an additional sentence of imprisonment. Because the combined sentence of imprisonment and supervised release which Murphy received was less than the maximum term he was told he could receive, the error was harmless. <u>United States v. Good</u>, 25 F.3d 218, 220 (4th Cir. 1994). While there was no testimony establishing his intent to distribute the crack, he possessed a quantity too large for personal use. In that circumstance, the quantity alone establishes intent to distribute. <u>United States v. Rusher</u>, 966 F.2d 868, 879 (4th Cir.), <u>cert. denied</u>, 506 U.S. 926 (1992).

In accordance with <u>Anders</u>, we have examined the entire record in this case and find no meritorious issues for appeal. We therefore affirm the sentence imposed by the district court. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

<u>AFFIRMED</u>